UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Frankenmuth Insurance Company<br><br>Plaintiff,<br><br>v.<br><br>Braddock Farms, LLC,<br><br>Defendant. | C/A NO:   3:26-cv-3167-SAL<br><br><br>**Complaint**<br>**(Declaratory Judgment Relief)** |

NOW COMES Plaintiff, Frankenmuth Insurance Company ("Frankenmuth"), by and through the undersigned attorneys, and for its Complaint against Defendant Braddock Farms, LLC ("Braddock Farms") alleges as follows:

**Parties**

1.     Frankenmuth is an insurance company organized and existing under the laws of State of Michigan and has its principal place of business in Frankenmuth, Michigan.

2.     Braddock Farms is a limited liability company organized and existing under the laws of the State of South Carolina and has a principal place of business in the unincorporated community, Horatio/Rembert, (Sumter County) South Carolina.

**Jurisdiction and Venue**

3.     The Court has original jurisdiction pursuant to 28 U.S.C. §1332(a)(l) because the action is between citizens of different states and the amount in controversy is in excess of $75,000.00, exclusive of costs and interests.

4.     Venue is proper in the Columbia Division of the United States District Court of the District of South Carolina pursuant to 28 U.S.C. §1391 because Braddock Farm's principal place of

1

business is in Rembert, SC, (Sumter County) and because the underlying event, that gives rise to this civil action, took place in or near Rembert, SC.

## Claim

5.     On or about June 10, 2026, Braddock Farms submitted an insurance claim to Frankenmuth for losses to a HHKH614KE000746 Hyundai HX210AL 2023 excavator, owned by Braddock Farms, and a rented Hyundai 300 excavator after the two pieces of equipment sank into the ground while their operator was using them to clear and grade land for a development.

6.     The equipment was running when the operator noticed that the Hyundai HX210AL was sinking into the ground.

7.     Frankenmuth is informed and believes that employees of Braddock Farms tried to "walk back" the Hyundai HX210AL, but the Hyundai HX210AL continued to sink into the ground when the engine was running.

8.     Braddock Farms used the rented Hyundai 300 excavator to attempt to pull the Hyundai HX210AL out of the ground but this attempt resulted in the Hyundai 300 sinking into the ground too.



Hyundai HX210AL ↑



*View of the rented excavator.*

9. On or about June 23, 2026, Frankenmuth issued a Reservation of Rights addressed to Braddock Farms to investigate the claim and reserve Frankenmuth's rights as to whether the claim is covered by the Frankenmuth insurance policy, infra.

10. In its investigation, Frankenmuth retained the engineering firm, Envista Forensics, to investigate the cause(s) for the equipment to sink into the ground.

11. After a site visit and investigation, Envista Forensics issued a written report concluding that, "[t]he excavators settled into the ground surface due to liquefaction of the supporting soils caused by vibrations from the excavators on the loosely compacted fill soils."

### Insurance Policy

12. Frankenmuth issued its Commercial Policy, Policy No. 6957600, effective 06/10/2025 to 06/10/2026), to Braddock Farms. (Exhibit A). The Commercial Policy includes Inland Marine coverage, which includes coverage for Contractors Equipment – Contractors Equipment –

Scheduled Equipment and the Equipment Leased or Rented From Others Endorsement (the "Policy").[1]

13.     The Policy provides in part for the following:

### CONTRACTORS' EQUIPMENT COVERAGE
### SCHEDULED EQUIPMENT FORM

*AGREEMENT (Pg. 1 of 11)*

*In return for "your" payment of the required premium, "we" provide the coverage described herein subject to all the "terms" of the Contractors' Equipment Coverage. This coverage is also subject to the "schedule of coverages" and additional policy conditions relating to assignment or transfer of rights or duties, cancellation, changes or modifications, inspections, and examination of books and records.*

*Endorsements and schedules may also apply. They are identified on the "schedule of coverages".*

*Refer to Definitions for words and phrases that have special meaning. These words and phrases are shown in quotation marks or bold type.*

*DEFINITIONS (Pg. 1 of 11)*
*. . .*

*3. 'Contractors equipment' means machinery, equipment, and tools of a mobile nature that "you" use in "your" contracting, installation, erection, repair, or moving operations or projects.*

*'Contractors equipment' also means:*

> *a. self-propelled vehicles designed and used primarily to carry mounted equipment; or*
> *b. vehicles designed for highway use that are unlicensed and not operated on public roads.*

*4. 'Equipment schedule' means a schedule of "contractors' equipment" that is attached to this policy and that describes each piece of covered equipment.*

*5. 'Jobsite' means any location, project, or work site where 'you' are in the process of construction, installation, erection, repair, or moving.*

*6. 'Limit' means the amount of coverage that applies.*

---

[1] The Hyundai HX210AL is listed in the **Equipment Schedule (Contractors' Equipment)** (IM 7030 01 12). As a rental, the Hyundai 300 would be included in the **Equipment Leased or Rented From Others Schedule** (IM 7036 07 11). Both pieces of equipment qualify as covered property subject to IM 7030 01 12 and IM 7036 07 11 and other terms and conditions of the Policy.

. . .

9. *'Sinkhole collapse' means the sudden settlement or collapse of earth supporting the covered property into subterranean voids created by the action of water on a limestone or similar rock formation. It does not include the value of the land or the cost of filling sinkholes.*

10. *'Specified perils' means aircraft; civil commotion; explosion; falling objects; fire; hail; leakage from fire extinguishing equipment; lightning; riot; sinkhole collapse; smoke; sonic boom; vandalism; vehicles; volcanic action; water damage; weight of ice, snow, or sleet; and windstorm.*
. . .

### PROPERTY COVERED (Pg. 2 of 11)

*'We' cover the following property unless the property is excluded or subject to limitations.*

### Scheduled Equipment –

1. **Coverage** – *'We' cover direct physical loss caused by a covered peril to:*

   a. *'your' 'contractors' equipment'; and*

   b. *'contractors' equipment' of others in 'your' care, custody, or control.*

2. **Coverage Limitation** – *'We' only cover 'your' 'contractors' equipment' and 'contractors' Equipment' of others that are described on the 'equipment schedule'.*

### PERILS COVERED (Pg. 5 of 11)

*'We' cover risks of direct physical loss unless the loss is limited or caused by a peril that is excluded.*

### PERILS EXCLUDED  (Pg. 5 of 11)

1. *'We' do not pay for loss or damage caused directly or indirectly by one or more of the following excluded causes or events. Such loss or damage is excluded regardless of other causes or events that contribute to or aggravate the loss, whether such causes or events act to produce the loss before, at the same time as, or after the excluded causes or events.*

***

### EARTH MOVEMENT EXCLUSION
*(Endorsement 16105 (1-17)*

*This endorsement changes the Inland Marine Coverage Contractors Equipment*

**-- PLEASE READ THIS CAREFULLY**

5

*DEFINITIONS (Pg. 1 of 2)*

*1.    The following definitions are added to the Inland Marine Coverage Part to which this endorsement is attached.*

*a.        'Earth movement' means:*

*1) The movement of the ground, soil, sediments, substrates, or strata whether the movement is caused by an act of nature or is manmade, including but not limited to:*

*. . .*

> *f) any other ground movement, including sinking (other than 'sinkhole collapse'), shifting, contraction, or rising of the ground including, but not limited to:*

*(1)      erosion, expansion, shrinking;*

*(2)      soil compaction; and*

*. . .*

*2) The movement of the ground, soil, sediments, substrates, or strata resulting from any act, error or omission including but not limited to:*

> *a) construction or excavation activities, regardless of whether or not occurring under covered property and regardless of whether the construction or excavation was being performed at "your" request or for "your" benefit;*

> *b) blasting or vibration from any source;*

*. . .*

*ADDITIONAL PERILS EXCLUDED (Pg. 2 of 2)*

*'We' do not pay for loss or damage caused directly or indirectly by, or consisting of, one or more of the following excluded causes, events, or conditions. Such loss or damage is excluded regardless of other causes, events, or conditions that contribute in any sequence to or aggravate the loss, whether such causes, events, or conditions act to produce the loss before, at the same time as, or after the excluded causes, events, or conditions.*

*1. **Earth Movement** -- Any 'earth movement' whether natural or manmade and regardless of cause and regardless of whether or not the cause of the "earth movement":*

> ***a.***      *originated at the covered property; or*
> ***b.***      *was being performed at 'your' request or for 'your' benefit.*

6

*However, if eruption, explosion, or effusion of a volcano results in 'volcanic action', 'we' will pay for the loss or damage caused by that 'volcanic action'.*

*If 'earth movement' results in fire, 'we' will pay for the loss or damage caused by that fire. If 'earth movement' (other than eruption, explosion, or effusion of a volcano) results in explosion, 'we' will pay for the loss or damage caused by that explosion.*

*This exclusion does not apply to covered property while in transit if property in transit is covered under this Inland Marine Coverage Part.*

\*\*\*

### For a Cause of Action
### (Declaratory Relief)

14.    Frankenmuth reiterates and incorporates the foregoing allegations.

15.    Frankenmuth brings this civil action pursuant to Fed. R. Civ. P. 57 and The Federal Declaratory Judgments Act, 28 USCA § 2201. Section 2201 provides that "in a case of an actual controversy . . . upon the filing of an appropriate pleading, [a court] may declare the rights and other legal relations of any interested party seek such declaration, whether or not other relief is or could be sought.

16.    Frankenmuth submits that it has standing to seek declaratory relief in this Court because there is a concrete injury that is actual or imminent, and not conjectural or hypothetical.

17.    Frankenmuth submits that the claim is ripe or fit for judicial review.

18.    Frankenmuth submits there is no coverage for the claim presented by Braddock Farms because the loss is excluded by the Policy for one or more of the following reasons.

19.    The definition of "Earth movement" is added to the Inland Marine Coverage Part by Endorsement 16105 (1-17) and includes the following two definitions [(a)(1) and (a)(2)] for "Earth Movement":

> 1) *The movement of the ground, soil, sediments, substrates, or strata whether the movement is caused by an act of nature or is manmade, including but not limited to:*

. . .
> *f) any other ground movement, including sinking (other than "sinkhole collapse"), shifting, contraction, or rising of the ground including, but not limited to:*

. . .
*(3) soil compaction; and*

. . .

> *That cause cracking, settling, tilting, leaning, or shifting of covered property.*

> *2) The movement of the ground, soil, sediments, substrates, or strata resulting from any act, error or omission including but not limited to:*

> > *a.     construction or excavation activities, regardless of whether or not occurring under covered property and regardless of whether the construction or excavation was being performed at "your" request or for "your" benefit;*

> > *b.     blasting or vibration from any source.*

20.     Endorsement 16105 (1-17) modifies the coverage of the Inland Marine Coverage Part to exclude additional perils as follows:

> ***ADDITIONAL PERILS EXCLUDED (16105 (1-17), pg. 2 of 2).***

> *We do not pay for loss or damage caused directly or indirectly by, or consisting of, one or more of the following excluded causes, events, or conditions. Such loss or damage is excluded regardless of other causes, events, or conditions that contribute in any sequence to aggravate the loss, whether such causes, events, or conditions act to produce the loss before, at the same time as, or after the excluded causes, events, or conditions.*

> ***1. Earth Movement** -- Any 'earth movement' whether natural or manmade and regardless of cause and regardless of whether or not the cause of the 'earth movement':*

> > ***a.***  *originated at the covered property; or*

> > ***b.***  *was being performed at "your" request or for "your" benefit.*

21.     The claim presented by Braddock Farm is for losses caused by "earth movement" that is excluded by Endorsement 16105 (1-17) (Earth Movement Exclusion).

8

22.     Frankenmuth seeks a declaration that the Policy does not cover Braddock Farm's claim and thus Frankenmuth does not have an obligation under the terms of the Policy to pay Braddock Farm for the claim.

23.     Frankenmuth reserves the right to rely on other terms and conditions of the Policy that may come to light in any further investigation or discovery conducted in this action.

**WHEREFORE,** Plaintiff, Frankenmuth Insurance Company, prays for a declaratory judgment against Braddock Farms that there is no coverage for the claim; and for any other relief that this Court deems reasonable, necessary and just.

Respectfully submitted,

*s/John L. McCants*
John L. McCants, SC Bar No. 10423
Fed. I.D. 4870
**BAKER, RAVENEL & BENDER, LLP**
3710 Landmark Drive, Suite 109
Post Office Box 8057
Columbia, South Carolina 29202
Tele: (803) 343-3866
Email: jmccants@brblegal.com
*Counsel for Frankenmuth Insurance Co.*

July 31, 2026